

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2005

# Huertas v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Huertas v. Philadelphia" (2005). *2005 Decisions.* Paper 817.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/817

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1642
_____

HECTOR L. HUERTAS,

Appellant

v.

CITY OF PHILADELPHIA; SUN BANCORP, INC.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-007955)
District Judge:  Honorable Herbert J. Hutton

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2005
Before:  SLOVITER, BARRY and FISHER, <u>CIRCUIT</u> <u>JUDGES</u>.

(Filed : July 19, 2005)
_____

OPINION
_____

PER CURIAM

 This appeal arises from the dismissal of Appellant Hector Huertas' complaint as a

sanction for his continued failure to attend scheduled depositions.  For the reasons that

follow, we will affirm.

The parties are familiar with the facts, thus, we will only briefly summarize them here. On October 17, 2000, a robbery was reported at the Sun National Bank in Philadelphia. On October 26, 2000, Huertas walked into the bank. A bank employee, believing that Huertas fit the description of the robber, notified the Philadelphia Police. Huertas alleges that the police responded by violently arresting him, causing permanent injuries. On October 18, 2002, Huertas filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by the City of Philadelphia in conspiracy with Sun Bancorp.

Huertas immediately requested that the Defendants complete hundreds of interrogatories, and began filing numerous motions with the District Court. After a number of filings by all parties, the District Court entered a series of orders denying Huertas' motions to compel discovery and to amend his complaint, as well as several other motions seeking various other remedies. See D. Ct. Docket Nos. 40-50. During this period, the Defendants scheduled a deposition, which Huertas failed to attend. This process of notice and failure to attend recurred several times over the course of the next year. On November 8, 2004, while still in the discovery phase, the Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b), (d). The District Court held that Huertas' failure to attend multiple depositions, once in defiance of a court order, was sufficient to warrant dismissal after conducting the six-factor inquiry announced in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

We have jurisdiction under 28 U.S.C. § 1291 and review the dismissal of a complaint under Rule 37 for abuse of discretion. Id. In determining whether the District Court abused its discretion, "we will be guided by the manner in which the court balanced the Poulis factors and whether the record supports its finding." Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice, to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.

First, the District Court concluded that Huertas was personally responsible. The record confirms that Huertas, who is proceeding pro se, failed to adhere to the local and federal rules of procedure, despite the District Court's attempts to provide guidance. See Order, Docket No. 49, n.1; Order, Docket No. 89 n.1; Order, Docket No. 104 n.2. Huertas argues that because he appeared for his fifth deposition on November 4, 2004, at 1:37 p.m., only four hours late, it was the Defendants' fault for not taking his deposition at that time. His argument is without force. He provides no reason as to why he did not arrive at 9:30 a.m. Further, that the Defendants used email to reject Huertas' request to reschedule the deposition does not transfer the fault to the Defendants. If anything, Huertas' failure to check his email, a means of communication he clearly intended to use, only damages his argument.

3

Next, we agree with the District Court that the Defendants suffered substantial prejudice in scheduling and holding five depositions, all of which Huertas failed to attend. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) (finding the costs and time associated with scheduling unattended depositions was prejudicial). Also, Huertas' failure to appear for depositions after receiving adequate notice and his failure to pursue any protection from the District Court establishes a pattern of dilatory conduct. See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874-75 (3d Cir. 1994).

With respect to bad faith or willfulness, Huertas argues that his fear of heights and back injury prevented him from attending his depositions, and that his lack of attendance was not designed to prevent the defense from taking his deposition. It is not so clear that Huertas' conduct was willful as defined by this Court. Adams, 29 F.3d at 875 ("tardiness not excused for inability is not necessarily willful."). Huertas' disabilities did not, as far as we can discern, prevent him from timely filing for protective orders, nor does he explain how his disability prevented his 9:30 a.m. appearance at his fifth deposition. However, this does not show that Huertas' conduct was designed to be "strategic or self-serving," an inference usually required for a finding of willfulness. Id. With respect to the fifth factor, alternative sanctions would likely be ineffective,[1] or at least other

_____

[1] For example, even after Huertas was ordered to pay $ 200 for failure to comply with applicable rules of procedure, no significant change was seen in his conduct.

4

available sanctions would amount to what in effect would be the dismissal of the complaint.

Finally, we agree that Huertas' complaint asserts arguably meritorious claims. While we continue to adhere to the principle that "doubts should be resolved in favor of reaching a decision on the merits," see Scarborough v. Evans, 747 F.2d 871, 878 (3d Cir. 1984), that Huertas' conduct was not necessarily willful does not make the District Court's balance unreasonable. See Ware v. Rodale Press, Inc. 322 F.3d 218, 221 (3d Cir. 2003) (stating "each factor need not be satisfied for the trial court to dismiss a claim"). The District Court did not abuse its discretion in dismissing the complaint. Accordingly, we will affirm.[2]

---

[2]Huertas also appeals from a number of other orders denying his various motions to amend his complaint, compel discovery, and for either dismissal or default judgment. Our affirmance of the District Court's dismissal is dispositive. Accordingly, we need not decide the propriety of these other orders.