

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2006

# Huertas v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Huertas v. Philadelphia" (2006). *2006 Decisions.* Paper 685.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/685

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3807
_____

Hector L. Huertas,
Appellant

v.

CITY OF PHILADELPHIA; MAYOR JOHN STREET;
CITY OF PHILADELPHIA POLICE DEPARTMENT;
JOHN TIMONEY, FORMER POLICE COMMISSIONER;
SYLVESTER JOHNSON, POLICE COMMISSIONER;
CHARLES MYERS, PHILADELPHIA POLICE OFFICER;
IRVIN RILEY, PHILADELPHIA POLICE OFFICER;
JAMES QUICK, PHILADELPHIA POLICE OFFICER;
KENNETH VASSALLO, PHILADELPHIA POLICE
OFFICER; ANDREW J. ADAMS, DETECTIVE; RICHARD
ROSS, CAPTAIN; JOHN DOE 1-3; SUN BANCORP INC;
SUSAN DUGAN, SUN NATIONAL BRANCH EMPLOYEE;
JOHN TORDINI, SUN NATIONAL BRANCH EMPLOYEE
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-02322)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2006

Before: RENDELL, AMBRO and ROTH*, Circuit Judges.

_____

* Judge Roth assumed senior status on May 31, 2006.

_____

OPINION OF THE COURT
_____

PER CURIAM

In 2005 Hector L. Huertas filed a pro se civil rights action against the City of

Philadelphia, Sun Bancorp, Inc., and various of their employees. He alleges that they

conspired to deprive him of his civil rights in connection with his wrongful arrest for

bank robbery on October 26, 2000. After the court sua sponte dismissed his complaint,

Huertas filed a Rule 60(b) motion, which was denied; this appeal followed. For the

reasons below we will affirm.[1]

**I**

The District Court dismissed the complaint on two grounds. First, the Court found

that it was virtually identical to a previous complaint Huertas had filed against the same

defendants.[2] However, in the first complaint the named defendants were the City of

Philadelphia and Sun Bancorp, Inc. In the instant complaint Huertas retained those

defendants but also added several of their officers and other employees. As we have

explained, "res judicata may be invoked against a plaintiff who has previously asserted

_____

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order dismissing a complaint under 28 U.S.C. § 1915 is plenary. Tourscher v. McCullough, 184 F.3d 236 (3d Cir. 1999).

[2] Earlier this year we affirmed the dismissal, with prejudice, of that complaint for discovery abuse. See Huertas v. City of Philadelphia, 139 Fed. Appx. 444 (3rd Cir. 2005).

essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991). The District Court did not address whether such a relationship is present here, perhaps because it does not appear to have noticed that Huertas added defendants in his second action. Moreover, we have not had occasion to apply the general principle stated in Lubrizol to a case such as Huertas' where the defendants in the initial action included a municipality and the second added certain of its officers and other employees. Other courts have declined to assume that privity exists between a municipality and its officers or other employees, Headley v. Bacon, 828 F.2d 1272, 1276-1280 (8th Cir. 1987), especially where, as here, the added defendants are sued in both their personal and official capacities. See Conner v. Reinhard, 847 F.2d 384 (7th Cir. 1988).

## II

We need not resolve that question here, however, because we agree with the District Court that Huertas' complaint is barred as untimely.[3]

The statute of limitations for Huertas' action is governed by the personal injury

---

[3] The statute of limitations is an affirmative defense and as such is not grounds for sua sponte dismissal under § 1915 unless the defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate. Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995) (collecting cases). Those conditions are met here. Not only is the defense obvious from the allegations in the complaint, but Huertas himself expressly raised the issue, offering reasons in his complaint why the statute should be tolled.

3

statute of limitations of Pennsylvania, the state in which the cause of action accrued. O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006). That period is two years, subject to any state law tolling provisions which are not inconsistent with federal law. Lake v. Arnold, 232 F.3d 360, 368-369 (3d Cir. 2000). Such provisions include the "discovery rule," which tolls the statute of limitations where the plaintiff neither knew nor reasonably should have known of his injury and its cause at the time his right to institute suit arose. Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 140 n.30 (3d Cir. 2005); Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Because the various injuries Huertas alleges were incident to his arrest in October 2000, the instant complaint is barred unless equitable tolling applies.

Huertas states that he was hampered in the prosecution of his first action by the City's persistent refusal to provide him with the addresses of the individual defendants, that this prevented him from including the individual defendants in his initial action, and that his initial action failed due to his lack of experience and preparation. He appears to offer these reasons not merely to justify filing the second action but also as grounds for equitable tolling of the statute of limitations. Complaint at ¶¶ 60-71. He also asserts the discovery rule, claiming that he was unaware until June 2003 of certain evidence allegedly demonstrating the existence of a conspiracy among the defendants and, thus, was unaware of his injury until then. Id. at ¶¶ 75-78.

As we have explained, "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly."Hedges v. United States, 404 F.3d 744, 751 (3d Cir.

4

2005).  Moreover, it is unavailable unless the plaintiff exercised due diligence in pursuing his claims.  Id.  Huertas has not made sufficient showing that equitable tolling is warranted in his case.  His ignorance, inexperience and pro se status during the first action do not toll the statute of limitations.  See, Hedges v. United States, 404 F.3d 744, 752-753 (3d Cir. 2005); Pocono Intern. Raceway, Inc., supra.

Nor is there any merit in Huertas' attempt to invoke the discovery rule.  His argument turns on the contention that it was not until June 2003 that he received Sun Bancorp's Rule 26(a) disclosures in his previous action.  According to Huertas, these disclosures indicate the existence of a conspiracy manifested by the manner in which a bank teller "coordinated the attack against the plaintiff by maneuvering and instructing the police toward the location of the plaintiff." Complaint at ¶ 80.  However, in June 2003 his first action was still pending and he received the materials in question in the course of those proceedings.  Had Huertas exercised the diligence required for equitable tolling, that action would not have been dismissed – for repeated failure to attend depositions – in the first place and he would not have needed to file another complaint.  Because he did not exercise due diligence, he may not benefit from equitable tolling and the instant complaint remains time-barred.

Accordingly, we will affirm the order of the District Court.

5