468 A.2d 468

**POCONO INTERNATIONAL RACEWAY, INC., Appellee and Plaintiff,**

**v.**

**POCONO PRODUCE, INC., Appellant and Defendant,**

**and**

**United States Fidelity and Guaranty Company, Defendant.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1983.

Decided Dec. 12, 1983.

B.L. Hollenbach, Matthew Sorrentino, Bethlehem, for appellant and defendant.

John B. Dunn, Timothy J. Holland, Scranton, for appellee and plaintiff.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

At issue is the applicability of what has come to be known as the "discovery rule" to the running of a two-year statute of limitations in this case involving ascertainable injury to a tunnel owned by Pocono International Raceway, Inc. (Raceway). The Raceway instituted a civil action in trespass against Pocono Produce, Inc. (Pocono Produce) on June 27, 1980, seeking to recover for damages allegedly resulting from the negligent operation of a truck in attempting to pass through the tunnel on either June 15 or June 18, 1978.

Pocono Produce appeals from an order of the Superior Court[1] reversing an order of the Court of Common Pleas of the 43rd Judicial District, Monroe County, granting the motion of Pocono Produce[2] for summary judgment on the ground that the statute of limitations had expired.[3]

In reviewing the propriety of granting summary judg-

1. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 305 Pa.Superior Ct. 466, 451 A.2d 741 (1982).

2. The Raceway also brought an action in assumpsit against United States Fidelity and Guaranty Company, its insurer for damages to the insured raceway premises. The order of the Court of Common Pleas dismissing the action against Pocono Produce did not dismiss the Raceway's action against United States Fidelity and Guaranty Company.

3. The then-applicable period of limitations was as set forth in 42 Pa.C.S. § 5524(4) providing:
   The following actions and proceedings must be commenced within two years:
   . . . .
   (4) An action for waste or trespass of real property.
   Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 5524(4).

ment[4] in this case, we view the record in a light favorable to the Raceway as the non-moving party. The Raceway owns and maintains an arched steel tunnel which was used as a passage-way by pedestrians and vehicles to the Raceway's facilities. On June 15 or June 18, 1978,[5] structural beams in this tunnel were allegedly damaged by collision with a truck driven through the tunnel by an employee of Pocono Produce. In October, 1978, the premises were closed and the tunnel sealed until April, 1979. When re-opened in early April of 1979, Joseph R. Mattioli, the Chief Executive Officer of the Raceway first learned that the tunnel had collapsed and upon his inspection, he noted the damage to the interior structural beams of the tunnel. George Ewald, who was employed full-time as a maintenance man, then told Dr. Mattioli that a refrigerated truck bearing the name "Frosty something" had been lodged in the tunnel. Knowing that the Raceway had previously purchased food from a company by the name of Frosty Acres but being unable to locate any company by that name, Dr. Mattioli contacted Edward Driebe, President of Pocono Produce, in early April 1979, for assistance in locating Frosty Acres. During their conversation, Mr. Driebe

---

**4.** Summary judgment may be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b).

**5.** The discrepancy in dates arises as follows: the Raceway complaint instituting suit averred that the collision occurred on June 15, 1978. By affidavit filed with the Pocono Produce motion for summary judgment, Pocono Produce President Edward Driebe averred that in an April, 1979 conversation with Dr. Mattioli, Chief Executive Officer of the Raceway, he informed Dr. Mattioli that the incident occurred on or about June 18, 1978. In opposition, the affidavit of Dr. Mattioli was filed, denying that Mr. Driebe told him of the date of the accident. However, this contradiction in opposing affidavits does not raise a material issue of fact. The material issue is the date itself, not whether or when the President of the Raceway gained the information of that date. That established, the difference between the date of June 15 in the Raceway complaint and the date of June 18 in the affidavit of Pocono Produce President Driebe is likewise not material, for in either case, as noted by the trial court, the complaint filed June 27, 1980 is filed two years past either date.

told Dr. Mattioli that a truck driven by an employee of Pocono Produce had struck the tunnel. In its June 27, 1980 complaint instituting suit, the Raceway thus averred that it was without knowledge of the injury until early April, 1979.

On this record, the trial court granted Pocono Produce's motion for summary judgment and ruled that the Raceway's cause of action was barred by the statute of limitations. The court held that a two-year period of limitation began to run in mid-June, 1978, either June 15 or June 18, 1978 when the truck operated by Pocono Produce's employee collided with and damaged the structural beams in the Raceway's tunnel. In so ruling, the court rejected the Raceway's argument that the statute of limitations was tolled until April, 1979 when the Raceway discovered that the tunnel had collapsed. Motion for reconsideration was denied whereupon the Raceway appealed to the Superior Court.

Superior Court reversed the order of the Court of Common Pleas and remanded the case for trial, holding that the discovery rule was applicable and that the statute of limitations was tolled until the date the damage was reasonably ascertained by the Raceway, April 1979, ten months after the injury alleged to have caused the damages. We reverse.

As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. *Walters v. Ditzler*, 424 Pa. 445, 450–451, 227 A.2d 833, 835 (1967); *Taylor v. Tukanowicz*, 290 Pa.Superior Ct. 581, 435 A.2d 181 (1981); *Med-Mar, Inc. v. Dilworth*, 214 Pa.Superior Ct. 402, 257 A.2d 910 (1969). Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations, *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 204 A.2d 473 (1964), *Bell v. Brady*, 346 Pa. 666, 31 A.2d 547 (1943);

even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy, this is incident to a law arbitrarily making legal remedies contingent on mere lapse of time. Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute.

■ The "discovery rule" is such an exception, and arises from the *inability* of the injured, *despite the exercise of due diligence*, to know of the injury or its cause. Thus, in a case of subsurface injury in which, unknown to the plaintiff, the defendant removes coal from his land via access originating on the defendant's land, the inability of the plaintiff, despite the exercise of diligence, to know of the trespass, tolls the running of the statute, for "no amount of vigilance will enable him to detect the approach of a trespasser who may be working his way through the coal seams underlying adjoining lands," and until such time as the plaintiff discovers, or reasonably should have discovered, the trespass, the running of the statute is tolled. *Lewey v. H.C. Fricke Coke Co.,* 166 Pa. 536, 547, 31 A. 261, 263 (1895); *Accord, Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 153 A.2d 477 (1959). Likewise, in a case of medical malpractice involving the failure of a surgeon to remove an implement of surgery, it is the inability of the plaintiff to ascertain the presence of the offending implement which prevents the commencement of the running of the statute, for "[c]ertainly he could not open his abdomen like a door and look in; certainly he would need to have medical advice and counsel." *Ayers v. Morgan,* 397 Pa. 282, 289, 154 A.2d 788, 792 (1959). The salient point giving rise to the equitable application of the exception of the discovery rule is the inability, despite the exercise of diligence by the plaintiff, to know of the injury. A court presented with an assertion of applicability of the "discovery rule" must, before applying the exception of the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action.

In the present case, as a matter of law, the cause of action was discoverable by the exercise of diligence in the use of means within reach of the Raceway, and, as such, no equitable exception to the statutory limitation is warranted. That the tunnel was, subsequent to the impact, physically sealed from October, 1978 through April, 1979 does not alter the ascertainability of the damage. This is not the sort of blameless ignorance which compels the application of the discovery rule, which is an exception, not one of general application such that before the statute of limitation is deemed to commence, it must be established that the plaintiff has acquired finite knowledge of all operative facts.

We hold, therefore, that the "discovery rule" exception arises from the inability, despite the exercise of diligence, to determine the injury or its cause, not upon a retrospective view of whether the facts were *actually* ascertained within the period. Here, the Raceway, having the ability to ascertain the cause of action and to institute the suit within the applicable period of limitations and having failed to do so, the statute bars the action.

The Order of the Superior Court is reversed.

LARSEN, J., dissents and would affirm on the basis of the Superior Court Opinion in this case.