## National Housing Partnership v. Barness

*Miles A. Jellinek,* for plaintiff.

*Gordon Gelfond,* for defendant Barness.

*Francis P. Burns,* for defendant General Electric Co.

*Michael N. Kouvatas,* for defendant Weckesser Estate.

BECKERT, *J.,* August 29, 1984—This action is brought by plaintiff to recover compensation for property damage caused by defendants' allegedly negligent design and installation of a rainwater-drainage system in modular housing units. Pursuant to a 1972 contract, defendants erected the housing units in Bensalem Township, Bucks County,

the last unit having been completed in 1973. In this action commenced on August 26, 1982, plaintiff alleges that PVC pipe installed in those units when they were built traveled through an uninsulated interior area below the roof, but above the ceiling of some of the apartment units, so that between January 16, 1982 and January 20, 1982 certain of those pipes froze and split, thereby allowing water to escape into the interior of the units below, causing water damage to 98 apartments.

The various defendants have filed motions for summary judgment, all of which are predicated on the argument that this action should be barred by the applicable two-year statute of limitations, as set forth in 42 Pa.C.S. §5524(2)(4). There seems to be no material disagreement as to the pertinent facts to which that statute must be applied. In arguing that this action was not timely filed, defendants do not contend that plaintiff delayed in seeking redress for the 1982 water damage but rather rely upon clear evidence in the record which establishes that water damage had been earlier sustained, arising from the same cause, to certain of the apartment units in February, 1979. From internal memoranda made a part of the record in this case, it is evident that plaintiffs were aware, at least as early as March or April of 1979, that there was possible negligence in the design of the rainwater-conduction system which had resulted in the water damage sustained shortly before that time. Furthermore, there is deposition testimony indicating that criticism was made of the design of the water-conduction system, as part of a proposal for repairs made to plaintiff in June, 1979. Interestingly, the suggestions for altering the system were finally implemented after the repetition of the water-damage problem in January, 1982.

Accordingly, defendants submit that plaintiff knew, or should have known, in early 1979, the substance of the allegations of negligent design and installation which are now being asserted in this action. Defendants would thus have us rule that the running of the two-year statute should have commenced in 1979. Defendants rely upon the "discovery rule," which provides that the period of limitations begins to run from the time of discovery of the cause of harm, or the time when that cause reasonably should have been discovered, whichever is earlier, Pocono International Raceway v. Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468 (1983). Plaintiff, in turn, contends that the pertinent date is that on which the injury actually occurred, that is, when the water damage to walls, plaster, floors, etc., happened.

We believe the better reason and correct result is that which applies the "discovery rule," which rule has been employed in actions seeking recovery for negligent building construction, and is not limited to the better-known examples of personal injury actions. See cases cited in Cluett, Peabody & Co., Inc. v. Campbell, Rea, Hayes & Large, 492 F. Supp. 67 (M.D., Pa. 1980) at 74. We can best dispose of plaintiff's arguments by distinguishing the leading case which plaintiff cites, Foley v. The Pittsburgh-Des Moines Company, 363 Pa. 1, 68 A.2d 517 (1949). Plaintiff correctly states the proposition of law enunciated in that case, that a cause of action cannot accrue until injury is actually inflicted upon the party bringing the lawsuit. The Foley case, on the strength of several appellate court citations, points out at 38 that the right of action does not immediately come into being "when the causes are set in motion which ultimately produce injury as a consequence." Under the facts of that case, a certain gas

tank was constructed by defendant in 1943, and that tank exploded on October 20, 1944, resulting in the death of plaintiff's husband. Our Supreme Court there held that the wrongful-death statute of limitations began to run from the date of the explosion, rather than the earlier date of completion of construction of the tank. Obviously, it would have been manifestly unfair to have allowed time to run against a plaintiff who was totally unaware of the fatal defect. However, we believe that the situation here before us differs very materially in that, as of the time when water damage was sustained in 1979 to a number of plaintiff's apartment units, the requisite knowledge for invoking the discovery rule came into existence.

Defendants have referred us to the case of Cluett, Peabody & Co., Inc. v. Campbell, Rea, Hayes & Large, supra, which contains an excellent discussion of the discovery rule as applied to facts which very closely parallel those before us in the instant case, and accordingly we refer to the following:

"Under this rule the statute begins to run not from the date the negligent act or breach of contract is committed but from the date that injury resulting from the tortious or wrongful conduct is discovered or may be discovered by the exercise of reasonable diligence. . . . 492 F. Supp. at 74, 75.

"Application of . . . the discovery rule to the facts of this case compels the conclusion that Cluett's cause of action for breach of contract and negligence arising out of the design and construction of the built-up roof accrued before September 26, 1968 and, therefore, are barred by the statute of limitations. The undisputed material facts are that the roof leaked almost immediately after Cluett took possession of the warehouse; it leaked continually and in several sections of the warehouse; blisters

appeared over the entire roof and the number and size of the blisters progressively increased; the roof moved inward from the walls of the warehouse and away from the expansion joints; the roof movements were continual and became more pronounced with the passage of time; remedial efforts undertaken by defendant prior to September 26, 1968 were unsuccessful; and finally, Cluett received reports suggesting that a premature roof failure was occurring and that replacement of the roof may be required. 492 F. Supp. at 75.

"According to their deposition testimony, certain management personnel of Cluett clearly had knowledge of the problems with the roof, the extent of those problems, their possible causes, and the responsible parties. It is evident that prior to September 26, 1968, Cluett enjoyed a right to pursue an action for the costs of making the roof water-tight, including, if necessary, the cost of replacing the entire roof. Thus, its contract and negligence claims relating to the design and construction of the roof must be dismissed as untimely. 492 F. Supp. at 75."

Plaintiff here attempts to argue that because most of the water damage sustained in 1982 was to different apartment units than had been damaged in 1979, the discovery rule should nevertheless be inapplicable. Nonetheless, we are persuaded that virtual identity of the particular units damaged in the two occurrences is not necessary, since what transpired earlier was certainly sufficient to have put a reasonable and prudent building owner on notice as to a construction defect which apparently pervaded the entirety of the housing complex. At least, it was incumbent upon plaintiff to find out whether the same situation existed above all of the housing units, rather than merely waiting to see where the damage would next manifest itself.

The Cluett case also held that where there was no other issue of material fact for a jury's determination, the court could, on a motion for summary judgment, dispose of the issue of when plaintiff's cause of action accrued. Consistent with that holding, and in the interest of judicial economy, we believe it is best for us to meet the limitations issue head-on at this time, especially in view of the comprehensive and undisputed factual record which has been compiled in order to assist us in ruling on the defense motions now before us.

## ORDER

And now, this August 29, 1984, upon consideration of defendants' motions for summary judgment and plaintiff's responses thereto, it is hereby ordered and decreed that summary judgment is granted against plaintiff and in favor of defendants Herbert Barness, individually and t/a Barness Construction Company and Barness Construction Company, Inc. and General Electric Company, and Michael N. Kouvatas, Esq., executor of the estate of Lester H. Weckesser, deceased.