■ HARBER PHILADELPHIA CENTER CITY OFFICE LIMITED et al., Appellants, v ERIC EICHLER et al., Respondents. [690 NYS2d 27] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered September 21, 1998, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The IAS Court properly dismissed plaintiffs' remaining causes of action for breach of fiduciary duty and breach of contract on the ground that they are barred by the relevant Statutes of Limitation. The parties agree that Pennsylvania law is applicable to their dispute and that the governing limi-

tations periods thereunder are two and four years, respectively (*see,* 42 Pa Cons Stat Annot § 5524 [7]; § 5525 [8]). The IAS Court correctly found that plaintiffs' claims accrued no later than 1991. Since, under Pennsylvania law, the limitations period begins to run as soon as the underlying cause of action accrues (*see, Bohus v Beloff,* 950 F2d 919, 924; *Pocono Intl. Raceway v Pocono Produce,* 503 Pa 80, 84, 468 A2d 468, 471), and plaintiffs' action was not commenced until October 1995, the subject claims are time-barred. Although Pennsylvania law provides for the tolling of the statutory period upon a showing by the plaintiff of fraud or active concealment by the defendant (*see, First Options v Wallenstein,* 1997 US Dist LEXIS 2051, 1997 WL 89115 [ED Pa, Feb. 28, 1997, Hutton, J.]; *Bohus v Beloff,* 950 F2d, *supra,* at 925), plaintiffs' conclusory allegations are insufficient as a predicate for tolling based on active concealment.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sullivan, J. P., Williams, Wallach, Rubin and Mazzarelli, JJ.