DLD-040                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3319
_____

ERIC WAYNE LOMAX,
                                    Appellant

v.

POLICE CHIEF OF ERIE;
OFFICER DACUS;
OFFICER DONALD D.;
CITY OF ERIE POLICE DEPT.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00218)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges


(Opinion filed: November 22, 2011)
_____

OPINION
_____

PER CURIAM

Eric Wayne Lomax appeals pro se from the District Court's order granting Defendants' motion to dismiss. Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court.

I.    Background

In September 2010, Lomax filed a civil action pursuant to 42 U.S.C. § 1983 in the District Court against the Erie Police Chief, Officer Dacus, Officer Donald D., and the Erie Police Department. He alleged false arrest and false imprisonment in violation of the Fourth, Eighth, and Fourteenth Amendments, arising from his arrest on July 5, 2007. Lomax claimed that on July 5, 2007, he was visiting a friend's house in Erie, Pennsylvania, where police officers "broke in[to] the house," pointed weapons at him and his friends, and yelled at them to surrender drugs. Lomax asserted that the police officers then attempted to plant drugs on him, and he was charged with possession of a controlled substance and related charges. A jury acquitted Lomax of the criminal charges on April 11, 2008.

In response to Lomax's complaint, defendants filed a motion to dismiss, arguing that Lomax's claims were time-barred. The District Court granted defendants' motion to dismiss. Lomax timely appealed.

II.    Discussion

We have jurisdiction under 28 U.S.C. § 1291, and our review of an order granting a motion to dismiss is plenary. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir.

2

2008). "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). The alleged constitutional violations that Lomax incurred occurred between July 5, 2007, the date of his arrest, and April 17, 2008, when the charges brought against him in Erie County were dismissed. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007). Thus, Lomax's civil rights action, filed in September 2010, was filed beyond the two-year statute of limitations period, and is time-barred.

Lomax argued that he was entitled to equitable tolling. State law generally governs tolling principles. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In Pennsylvania, the statute of limitations may be tolled by the discovery rule or the fraudulent concealment doctrine. See Mest v. Cabot Corp., 449 F.3d 502, 510, 516 (3d Cir. 2006). The discovery rule tolls the statute of limitations when an injury or its cause was not known or reasonably knowable "despite the exercise of due diligence." Id. at 510 (quoting Pocono Int'l Raceway v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). To invoke the discovery rule, a plaintiff must "establish that he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." Kach, 589 F.3d at 642 (citation omitted). The fraudulent concealment doctrine tolls the statute of limitations when "through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry." Mest, 449 F.3d at 516 (quoting Ciccarelli

3

v. Carey Canadian Mines, Ltd., 757 F.2d 548, 556 (3d Cir. 1985)).

Lomax has not established that tolling is justified. Although Lomax contended that he was "only recently made aware of the fact that his constitutional rights were violated," he has not demonstrated that he exercised due diligence. His argument that trial counsel incorrectly informed him that he could not sue the City or police does not invoke the discovery rule as lack of knowledge, mistake, or misunderstanding does not toll the running of the statute of limitations. See Pocono, 468 A.2d at 471. Lomax's argument that the documents regarding his civil action were fraudulently concealed also fails because Lomax argued that the Clerk of Court of the Erie County Court of Common Pleas, not defendants, had denied him access to documents related to his case. See Mest, 449 F.3d at 516.

Accordingly, we will affirm the District Court's judgment.

4