GLD-149                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4234
_____

LUTHER S. RYALS, JR.,
                                    Appellant

v.

MONTGOMERY COUNTY; MONTGOMERY COUNTY DISTRICT ATTORNEY;
POTTSTOWN POLICE DEPARTMENT; DOUGLAS B. BREIDENBACH, JR.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-05439)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2013

Before:  FUENTES, FISHER and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 15, 2013)
_____

OPINION
_____

PER CURIAM

    Luther Ryals, Jr., a Pennsylvania state prisoner, appeals the dismissal of his

complaint by the United States District Court for the Eastern District of Pennsylvania.

1

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

On September 10, 2008, the Pottstown Police Department arrested Ryals on various drug-related charges. According to Ryals, the magistrate's signature on the Affidavit of Probable Cause attached to the criminal complaint against him was forged by Detective Edward Kropp of the Pottstown Police Department. Ryals alleged in a 42 U.S.C. § 1983 complaint that he informed his attorney, Douglas B. Breidenbach, Jr., of the alleged forgery before trial commenced on July 28, 2010. For relief, Ryals requested that his sentence be vacated, that he receive $10 million in damages, that Detective Kropp be dismissed from the police force, and that his lawyer be suspended from practicing law for six to 12 months.[1] The District Court dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Ryals then timely filed this appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a

---

[1] We agree with the District Court that Ryals' request that his sentence be vacated is not cognizable under § 1983 and must be asserted in a habeas corpus petition pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

2

complaint pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

The District Court properly dismissed Ryals' complaint.[2] Ryals' false arrest and imprisonment claims are governed by the two-year limitations period found in 42 Pa. Cons. Stat. § 5524(2). See Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584, 585 (3d Cir. 1985). However, under federal law, § 1983 claims accrue "when the plaintiff has a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations omitted). Ryals' false arrest and imprisonment claims accrued when he became "detained pursuant to legal process." Id. at 397. Even if Ryals was not aware of the alleged forgery on September 10, 2008 (the date of his arrest), his complaint and attached exhibits indisputably show that he was fully aware of his claim by mid-July 2010. However, Ryals did not file his complaint until September 2012. This was too late.

---

[2] We agree with the District Court's generous construction of Ryals' complaint as alleging claims of false arrest, false imprisonment, malicious prosecution, and due process violations. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Furthermore, we see no reason to toll the statute of limitations. Unless inconsistent with federal law, state law governs the issue of whether a limitations period should be tolled. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 1989). In Pennsylvania, the statute of limitations may be tolled by the discovery rule, which applies when an injury or its cause was not known or reasonably knowable "despite the exercise of due diligence." Mest v. Cabot Corp., 449 F.3d 502, 510 (3d Cir. 2006) (quoting Pocono Int'l Raceway v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)). In his notice of appeal, Ryals asserts that he did not know of the alleged forgery until July 12, 2011, when a handwriting examiner agreed that the signature did not appear to be authentic. However, his argument is belied by his complaint's exhibits, which indicate that he wrote to his attorney regarding the possible forgery in July 2010. Accordingly, the examiner's report does not provide a basis for tolling based upon the discovery rule.[3]

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[3] The District Court also properly dismissed Ryals' malicious prosecution and due process claims. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Furthermore, the District Court did not commit reversible error when it dismissed Ryals' complaint without offering leave to amend. We do not see how any amendment to his complaint would save his claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).