DLD-125                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2221
_____

MANUEL ROBERT ANDERSON LEMAR; THE
ESTATE OF ROBERT BRICE ANDERSON;  THE
ESTATE OF ELLA ELIZABETH ANDERSON LEMAR,

Appellants

v.

AMERICAN TRADING CORPORATIONS; HARRIET
EMILY CHASE ANDERSON; AMOCO OIL CO.
n/k/a BP PRODUCTS NORTH AMERICA, INC.;
AMERICAN TRADING AND PRODUCTION
CORPORATION; AMOCO OIL/BP PRODUCTS NORTH
AMERICA INC.; HARRIETT EMILY CHASE AND SEGAR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-14-cv-04717)
District Judge: C. Darnell Jones, II
_____

Submitted on a Motion to Dismiss and/or Summarily Affirm
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: February 25, 2016)
_____

OPINION*
_____

PER CURIAM

Appellant Manuel Robert Anderson Lemar appeals from an order of the District Court dismissing his second amended complaint with prejudice. For the reasons that follow, we will summarily affirm, with one modification.

Lemar filed suit initially in the Philadelphia County Court of Common Pleas on behalf of himself and the Estates of Robert Brice Anderson and Ella Elizabeth Anderson Lemar, naming as defendants the American Trading and Production Corporation ("American Trading"), BP Corporation of North America, Inc. ("BP"), and his aunt, Harriet Emily Chase Anderson Seger ("Ms. Anderson"), and alleging a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. In the main, Lemar alleged that American Trading and BP engaged in a conspiracy involving "illegal land tax seizures" to defraud his grandfather's estate of an ownership interest in an Amoco refinery. The fraud took place in 1955, 1956 and 1957, and allegedly deprived his mother, Ella Lemar Anderson, who was only 12 years-old at the time, of her rightful inheritance. Ms. Anderson was alleged to be wrongfully in possession of some of Ella's inheritance. Lemar asserted that "[i]f my mother was white this never would have happened to her." Complaint, at ¶ 24. Lemar sought billions of dollars in money damages.

American Trading paid the filing fee and removed the case to federal court based on both the federal RICO question, 28 U.S.C. § 1331, and diversity of citizenship, 28

2

U.S.C. § 1332.[1]  American Trading and BP then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it was time-barred under RICO's four-year statute of limitation; that the allegations in the complaint were conclusory and implausible; and that Lemar lacked standing to pursue a RICO claim on behalf of his grandfather's and mother's estates.  Ms. Anderson, who was not served with the complaint, did not respond.  Lemar opposed the motions, arguing that his RICO claim was not time-barred because the RICO violation was a continuing one.  The District Court granted the defendants' motions on the ground that the complaint did not satisfy Federal Rule of Civil Procedure 8(a)(2) ("A pleading that states a claim for relief must contain: *** a short and plain statement of the claim showing that the pleader is entitled to relief.").  The Court permitted Lemar to submit an amendment that would cure the deficiencies in his complaint.

Lemar then filed an amended complaint, in which he essentially reiterated his original allegations but, instead of asserting a RICO claim, he asserted new state law counts of fraud, breach of fiduciary duty to his grandfather's estate, and conversion against the defendants.  Lemar alleged in his amended complaint that his grandfather owned Amoco's only fuel storage refinery on the east coast.  He contended that his grandfather, who was half-black, and his white great-grandfather, John Teen Anderson,

---

[1] American Trading asserted that Ms. Anderson was improperly joined as a defendant solely for the purpose of defeating diversity jurisdiction, and that her Pennsylvania citizenship was thus not relevant to the determination of jurisdiction.  We note that Lemar did not seek a remand to state court; rather, he filed a response to removal in which he agreed that his RICO claim belonged in federal court.  He further disagreed that his aunt was not a proper party to the lawsuit but he noted that he had not been successful in serving her with the complaint.  See Docket Entry No. 10.

3

were "some of the wealthiest men on the east coast." He contended that American Trading, along with Amoco Oil, were business partners with the Andersons for two generations. But, American Trading and Amoco, upon his grandfather's death, failed to report his grandfather's assets to the estate. He alleged that these defendants fraudulently kept assets from his grandfather's estate and kept everything for themselves. As a result of his mother's having been deprived of her inheritance, he and his 9 siblings grew up in extreme poverty. Lemar alleged that American Trading never told him or his mother about his grandfather's wealth, and he only uncovered the fraud in February of 2013, and April of 2014. Again, Lemar alleged that Ms. Anderson was wrongfully in possession of his mother's inheritance. After the filing of this amended complaint, Lemar made several improper and unsuccessful attempts to serve Ms. Anderson, apparently by mailing the amended complaint to her. See Pa. R. Civ. P. 402(a); Fed. R. Civ. P. 4(e). Each time it was returned as undeliverable.

American Trading and BP moved to dismiss the amended complaint, asserting that the applicable statutes of limitation for fraud, breach of fiduciary duty and conversion were even shorter than the RICO statute of limitation, and that the allegations in the amended complaint were insufficient to make out a plausible claim for either fraud, breach of fiduciary duty or conversion. In response, the District Court gave Lemar one final chance to amend his complaint. Lemar filed a second amended complaint, see Docket Entry No. 105, which did not differ in any significant respect from his first amended complaint. American Trading and BP moved to dismiss it, and, in an order entered on April 21, 2015, the District Court dismissed Lemar's civil action with

4

prejudice as to all three defendants, concluding that he had failed to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). The Court later denied Lemar's motion for reconsideration and request to file another amended complaint.

Lemar appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised him that, as a pro se litigant, he could represent himself but not the Estates of Robert Brice Anderson and Ella Elizabeth Anderson Lemar, and that those parties would be dismissed unless an attorney entered an appearance on their behalf, which did not happen. These parties are deemed dismissed from the appeal. The District Court granted Lemar leave to appeal in forma pauperis. Lemar has submitted a motion for appointment of counsel. American Trading has moved to dismiss the appeal and/or for summary affirmance.

We will grant American Trading's motion and summarily affirm the order of the District Court as to all of the defendants/appellees because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). Dismissal under Rule 12(b)(6) is proper where the complaint fails to state a claim upon which relief may be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Conclusory allegations are insufficient to survive a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Lemar's sweeping

5

allegations of a conspiracy by American Trading and BP to steal his mother's and thus his inheritance are conclusory and cannot support his claims for fraud, breach of fiduciary duty and conversion, just as the District Court concluded.

Even if Lemar's allegations were somehow adequate to satisfy Rule 8(a)(2), and they are not, his claims are plainly time-barred.[2] The applicable statute of limitation is two years for fraud, breach of fiduciary duty and conversion, 42 Pa. Cons. Stat. Ann § 5524(3), (7). All of Lemar's claims relate to conduct that took place nearly 60 years ago. Lemar specifically alleged that one or more of the defendants did not disclose his grandfather's assets to the estate administrator when his grandfather passed away in 1955, and that his family (through his grandfather's estate) was deprived of his grandfather's assets *at that time.* Moreover, although Lemar contends that he only recently learned about the claims, nothing in his amended complaint shows or suggests that the information that forms the basis of his claims – the death certificate and public tax records he cites in his amended complaint – was not readily available and discoverable had he exercised diligence in pursuing his claims. See Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983) (holding that statute of limitation begins to run as soon as right to institute and maintain suit arises, and that lack of knowledge, mistake or misunderstanding do not toll running of statute). See also Ingenito v. AC & S, Inc., 633 A.2d 1172, 1175 (Pa. Super. Ct. 1993) ("The polestar of the Pennsylvania discovery rule is not a plaintiff's actual acquisition of knowledge but

---

[2] A defendant may raise the statute of limitation defense in a Rule 12(b)(6) motion if the complaint shows plainly that the cause of action is time-barred. See Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

whether the information, through the exercise of due diligence, was knowable to the plaintiff.").

The decision of the District Court is summarily affirmed as to Ms. Anderson for failure of service, Fed. R. Civ. P. 4(m) (if defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant.").

For the foregoing reasons, we will grant American Trading's motion and summarily affirm the order of the District Court as to all of the defendants/appellees, with the modification as to Ms. Anderson noted. Appellant's motion for appointment of counsel is denied as moot.