J-A20023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANE DOE (L.G.) | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAND AND STONE FRANCHISE | : | No. 862 EDA 2022 |
| CORPORATION, RUFFENACH, G., | : | |
| LLC, T/A HAND & STONE | : | |
| PHOENIXVILLE-OAKS, CATHERINE | : | |
| RUFFENACH & GERARD RUFFENACH, | : | |
| W/H STEVEN M. WALDMAN AND | : | |
| STEVEN WALDMAN MASSAGE | : | |

Appeal from the Order Entered February 17, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 190903709

| | | |
|---|---|---|
| JANE DOE (L.G.) | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAND AND STONE FRANCHISE | : | No. 863 EDA 2022 |
| CORPORATION, RUFFENACH, G., | : | |
| LLC, T/A HAND & STONE | : | |
| PHOENIXVILLE-OAKS, CATHERINE | : | |
| RUFFENACH & GERARD RUFFENACH, | : | |
| W/H STEVEN M. WALDMAN AND | : | |
| STEVEN WALDMAN MASSAGE | : | |

Appeal from the Order Entered February 17, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 190903709

J-A20023-22

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.*

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 14, 2022**

Appellant, Jane Doe (L.G.), appeals from two February 17, 2022 orders entered in the Court of Common Pleas of Philadelphia County, granting summary judgment in favor of Appellees, Hand and Stone Franchise Corporation, Ruffenach, G. LLC t/a Hand and Stone Phoenixville-Oaks Spa, Catherine Ruffenach and Gerard Ruffenach, w/h, Steven M. Waldman, and Steven Waldman Massage.  Following review, we affirm.

In its Memorandum Opinion, the trial court explained:

[Appellant] commenced this personal injury action on September 30, 2019, by writ of summons.  A complaint was filed on November 13, 2019.  In her complaint, [Appellant] alleged that she was sexually assaulted by [Appellee] Steven M. Waldman ("Waldman") at Hand and Stone Franchise Corp ("Hand and Stone") on April 9, 2016.  After the assault, [Appellant] confided about the abuse to her friends but did not notify the police as she felt it would be her word against his.  Waldman ceased employment months after the assault.

Almost two years after the assault, [Appellant] informed [Appellee] Hand & Stone of the 2016 assault.[1]  Sometime in November of 2018, [Appellant] learned that [Appellee] Waldman was arrested and charged with the sexual assault of massage

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The trial court suggests that Appellant's report of the April 9, 2016 assault was made "almost two years after the assault," citing Appellant's Complaint at ¶ 33 ("In early 2018, [Appellant] bravely informed Hand and Stone of the assault.").  However, testimony and documentary evidence from Appellant's deposition reflect that she reported the April 9, 2016 incident on May 10, 2018 when she returned to the Hand and Stone location after the events of April 2016.  **See** Appellant's Deposition, 11/20/20, at 31-32, 35-36.

- 2 -

> therapy clients. "Only after [Appellant] learned of [Appellee] Waldman's other victims, did [Appellant] appreciate the gravity of what happened to her[.]"
>
> On November 1, 2021, Hand & Stone filed a motion for summary judgment. On November 2, 2021, the Ruffenach defendants filed a motion for summary judgment as well. On February 14, 2022, the court granted the motions and dismissed [Appellant's] complaint as time barred.

Trial Court Opinion, 4/8/22, at 1-2 (citations to Appellant's Complaint omitted).

Appellant filed timely notices of appeal from both orders and the appeals were consolidated by order of this Court entered on May 6, 2022.[2] Appellant asks us to consider four issues in this appeal:

1. Did the trial court err in granting Appellees' Motions for Summary Judgment grounds [sic] where the discovery rule tolled the statute of limitations of Appellant[']s claims such that her Complaint was timely filed?

2. Did the trial court err in granting Appellees' Motions for Summary Judgment where Appellees' fraudulent concealment tolled the statute of limitations on Appellant[']s claims such that her Complaint was timely filed?

3. Did the trial court err in granting Appellees' Motions for Summary Judgment where there existed genuine issues of material fact that should have been presented to a jury?

4. Did the trial court err in granting Appellees' Motions for Summary Judgment where the trial court was estopped from addressing whether Appellant's claims were within the statute of limitations?

Appellant's Brief at 3-4.

---

[2] The trial court did not order the filing of Rule 1925(b) statements.

"In reviewing a grant of summary judgment, this Court's standard of review is de novo and our scope of review is plenary." ***Bourgeois v. Snow Time, Inc.***, 242 A.3d 637, 649 (Pa. 2020) (citing ***Pyeritz v. Commonwealth of Pa., State Police Dep't***, 32 A.3d 687, 692 (Pa. 2011)). "A trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." ***Id.*** at 649-50 (citing ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010)). "An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion." ***Id.*** at 650 (citing ***Summers***, 997 A.2d at 1159).

In her first issue, Appellant asserts that the trial court erred by granting summary judgment because the discovery rule tolled the statute of limitations. In ***Fine v. Checcio***, 870 A.2d 850 (Pa. 2005), our Supreme Court stated:

> The Judicial Code provides in pertinent part that limitations periods are computed from the time the cause of action accrued. 42 Pa.C.S. § 5502(a). In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion. Thus, we have stated that the statute of limitations begins to run as soon as the right to institute and maintain a suit arises. ***Pocono International Raceway, Inc. v. Pocono Produce, Inc.***, 503 Pa. 80, 468 A.2d 468, 471 (1983). Generally speaking, in a suit to recover damages for personal injuries, this right arises when the injury is inflicted. ***See Ayers v. Morgan***, 397 Pa. 282, 154 A.2d 788, 791 (1959). Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute. ***Nesbitt v. Erie Coach Co.***, 416 Pa. 89, 204 A.2d 473, 475 (1964). ***Pocono International***, 468 A.2d at 471. Once a cause of action has accrued and the prescribed

- 4 -

statutory period has run, an injured party is barred from bringing his cause of action. ***Id.***

***Id.*** at 857 (some citations omitted). ***See also Rice v. Diocese of Altoona-Johnstown***, 255 A.3d 237, 246-47 (Pa. 2021). The Court in ***Fine*** also noted that

> when a court is presented with the assertion of the discovery rule's application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it. Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law.

***Fine***, 870 A.2d at 858-59 (citations omitted).

The trial court in the instant action found that Appellant "admits that she had actual knowledge of the assault and that Waldman caused her injury on April 9, 2016. [She] had two years to commence an action against the defendants; she did not. Accordingly, her action is time barred." Trial Court Opinion, 4/8/22, at 3.

We agree. The record reflects that Appellant knew immediately that she had suffered an injury and knew that Waldman was the cause. ***See*** Appellant's Complaint at ¶¶ 26-31. For instance, in Paragraph 31, Appellant asserted that upon checking out at Hand and Stone after the assault,

> [s]he went to her car in the parking lot and cried. [She] felt upset, angry, and scared. Immediately following the assault, [she] confided about the abuse to a few of her friends. [She] did not

contact law enforcement at this time as she did not think police would believe her, and felt it would be her word against [] Waldman's.

*Id.* at ¶ 31. Moreover, her deposition testimony recounting the details of the assault reveals her recognition that Waldman's actions caused her to be "basically frozen in fear" as "[h]e was breathing heavily and pressing his erection into the side of [her] head." Appellant's Deposition, 11/20/20, at 19-20. She testified that when she left the facility, she went to her car "and sat there for a long time. I cried, and tried to figure out what I should do next." *Id.* at 27. She considered calling the police or going back into the reception area and speaking with the receptionist or a manager, but did not. However, she did talk with a few people on her phone while still in the Hand and Stone parking lot. *Id.* at 29. She explained, "I don't recall exactly what was said in those phone conversations, but I do remember telling them that I had been just sexually assaulted by my massage therapist and that I was scared." *Id.* at 31.

Because reasonable minds would not differ in finding that Appellant knew of her injury and its cause on April 9, 2016, the trial court properly and correctly determined that the discovery rule does not apply as a matter of law. *See Fine*, 870 A.2d at 858-59. Appellant's first issue fails.

Appellant next claims that the trial court erred by granting summary judgment because Appellees' fraudulent concealment tolled the statute of limitations. Appellant's argument is meritless.

As Appellees recognize, "The doctrine of fraudulent concealment 'is based on a theory of estoppel' which acts to toll the statute of limitations only where a defendant 'through fraud or concealment . . . causes the appellant to relax his vigilance or deviate from his right of inquiry into the facts.'" Hand and Stone Brief at 39 (quoting *Fine*, 870 A.2d at 860). **See also** Ruffenach Brief at 11 (citing, *inter alia*, **Fine** and **Rice, supra**). Moreover, "in order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the appellant justifiable relied." Hand and Stone Brief at 40 (quoting ***Kingston Coal Co. v. Felton Mining Co., Inc.***, 690 A.2d 284, 291 (Pa. Super. 1997)).

Appellant contends that Hand and Stone "had a moral and ethical obligation to report what happened to me as soon as I told them and, instead of putting it in my hands and making it my decision and asking me what they should do or what I wanted them to do[.]" *Id.* at 43 (quoting Appellant's Deposition, 11/20/20, at 42-43). However, as Hand and Stone recognizes, Appellant did not even report the incident to Appellees until May 18, 2018, more than two years after the assault, by which time the statute of limitations had already run. *Id.* at 42.

Quoting **Rice, supra**, Hand and Stone explains that the doctrine of fraudulent concealment does not apply in the instant case. *Id.* at 44-46. **See also** Ruffenach Brief at 11-14. In **Rice**, our Supreme Court stated, *inter alia*,

that "before a plaintiff may invoke the principles of fraudulent concealment, the plaintiff must use reasonable diligence to investigate her claims." *Rice*, 255 A.3d at 253. The Court held that the statute of limitations on the plaintiff's claim "accrued when she knew she was injured by [her abuser]." *Id.* As in *Rice*, Appellant here had two years to investigate Appellees' role, if any, in causing her injury. Even if Appellees were somehow obligated to disclose events that Appellant had not even reported to them, "the failure to do so does not excuse [Appellant's] own failure to conduct any investigation" into Appellees as an additional cause of her injury. *Id.* at 254.

The doctrine of fraudulent concealment does not operate to toll the statute of limitations under the facts of this case. Appellant's second issue fails.

In her third issue, Appellant contends the trial court erred by granting summary judgment despite the existence of genuine issues of material fact. We find no merit in this contention. Appellant was assaulted on April 9, 2016. Because neither the discovery rule nor fraudulent concealment extended the limitations period, Appellant's statute of limitations expired on April 9, 2018. 42 Pa.C.S.A. § 5524(1). Appellant did not initiate her action until September 30, 2019, more than two years after the assault. There is no genuine issue of material fact at play here and Appellees were entitled to judgment as a matter of law. Appellant's third issue does not afford her any relief.

In her fourth issue, Appellant asserts trial court error based on a violation of the coordinate jurisdiction rule. However, the coordinate jurisdiction rule does not operate to prevent the grant of summary judgment based on an earlier denial of a motion for judgment on the pleadings. *See, e.g., Commonwealth v. Taylor*, 277 A.3d 577, 586 (Pa. Super. 2022) (citing *Goldey v. Trustees of University of Pennsylvania*, 675 A.2d 264, 267 (Pa. 1996) (coordinate jurisdiction rule does not apply where two motions differ in kind)); *Petrongola v. Comcast-Spectator*, 789 A.2d 204, 214-15 (Pa. Super. 2001 (recognizing that coordinate jurisdiction rule does not prevent judge from granting summary judgment after denying judgment on the pleadings). As in the instant case, the trial court's denial of judgment on the pleadings in *Petrongola* was based on the pleadings only, whereas when considering the motions for summary judgment, "the trial court had a plethora of new information." *Id.* at 215.

The coordinate jurisdiction rule is not implicated here. Appellant's fourth issue fails.

Because the trial court neither erred in its application of the law nor abused its discretion, we shall not disturb its grant of summary judgment in favor of Appellees.

Judgments affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/14/2022</u>