NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2846
_____

KWOK SZE,
                                        Appellant

v.

PUI-LING PANG, a/k/a Sherry Pang; DETECTIVE CORADO, as individual and as New
Castle Police Officer; DETECTIVE SERGEANT WILSON, as individual and as New
Castle Police Officer; DETECTIVE NOELLE VARGAS, as individual and as New
Castle Police Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:12-cv-00619)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 9, 2013)
_____

OPINION
_____

PER CURIAM

        Kwok Sze, proceeding pro se, appeals from the District Court's sua sponte

dismissal of his complaint.  For the following reasons, we will vacate the District Court's

dismissal order and remand for further proceedings.

In April 2012, Sze filed a 42 U.S.C. § 1983 complaint, alleging that Pang, a private citizen, violated his Fourth Amendment rights by recording their telephone conversations in late March 2009 without his consent. He also alleged a violation of the Federal Wiretapping Act, 18 U.S.C. §§ 2510-2520. Sze's complaint was not served; instead, a Magistrate Judge recommended that his complaint be dismissed as time-barred.[1] Subsequently, Sze filed objections, attaching an amended complaint. Sze's amended complaint named Detectives Corado, Wilson, and Vargas of the New Castle, New York Police Department as defendants, alleged that Pang was acting at the direction of the police, and argued that the Magistrate Judge had failed to consider his Federal Wiretapping Act claim. The District Court adopted the Magistrate Judge's recommendation and dismissed Sze's complaint with prejudice. In doing so, the District Court noted that Sze had filed documents after the Magistrate Judge had entered his Report and Recommendation, but did not explicitly reference that one of these documents was an amended complaint. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's sua sponte dismissal of Sze's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] The Magistrate Judge also recommended dismissal because (1) Sze's complaint violated Fed. R. Civ. P. 8(a) and (2) Sze had failed to state a viable claim against Pang. Alternatively, the Magistrate Judge recommended that Sze's complaint be transferred to the Western District of Pennsylvania.

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

As an initial matter, we disagree with Sze that the District Court should have applied New York's three-year statute of limitations.[2] Sze's objections to the Magistrate Judge's Report and Recommendation explicitly stated that the alleged illegal recordings occurred in Dunmore, Pennsylvania; accordingly, Sze's Fourth Amendment claim is governed by the two-year limitations period found in 42 Pa. Cons. Stat. § 5524(2). See Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584, 545 (3d Cir. 1985). Sze claims that the illegal recordings occurred in late March 2009. However, he did not file his complaint until April 2012. This was too late.

State law, unless inconsistent with federal law, governs the issue of whether a limitations period should be tolled. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In Pennsylvania, the statute of limitations may be tolled by the discovery rule, which applies when an injury or its cause was not known or reasonably knowable "despite the exercise of due diligence." Mest v. Cabot Corp., 449 F.3d 502, 510 (3d Cir. 2006) (quoting Pocono Int'l Raceway v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)). In his amended complaint, Sze asserted that the limitations period should be tolled until November 15, 2011, when he received a letter from the New Castle Police

---

[2] See Shomo v. City of N.Y., 579 F.3d 176, 181 (2d Cir. 2009).

Department in New York informing him that none of the parties to the telephone conversations had provided prior written consent for the recording.[3]

We agree with the District Court that Sze's claim that he did not know that he had not provided written consent does not, by itself, provide a reason to toll the statute of limitations. Surely, Sze knew whether he had previously consented to the recording of his conversations. However, in his brief, Sze asserts that while at first he thought the defendants had received consent to record the calls from someone, he did not learn until November 15, 2011 that none of the parties had given consent. In light of the liberal construction we must give to pro se filings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we cannot rule out the possibility that a reasonably diligent person could not have learned about the alleged lack of consent until after enough time had lapsed to make his complaint timely. Indeed, the only information the current record provides us is that certain telephone calls between Sze and Pang were recorded during late March 2009. If Sze had exercised due diligence but could not reasonably learn of the alleged lack of consent until November 15, 2011, he would likely be entitled to have the limitations period tolled until then. See Mest, 449 F.3d at 510. However, such a determination necessarily entails fact-finding, which appropriately lies within the province of the District Court.[4]

---

[3] Sze did not attach a copy of this letter to his amended complaint.
[4] We note that Sze was permitted to file his amended complaint without obtaining leave after the Magistrate Judge filed his Report and Recommendation. A district court's screening responsibilities under 28 U.S.C. § 1915A(a) include "review[ing], before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint

4

We also agree that the District Court failed to consider Sze's Federal Wiretapping Act claim. 18 U.S.C. § 2520(a) provides that, with certain limitations, "any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate." Civil actions under the Act are also subject to a two-year limitations period, which begins running "two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). Given Sze's allegation that he did not learn about the lack of consent until November 15, 2011, we cannot preclude the possibility that Sze has raised a timely claim under the Act. Accordingly, the District Court erred by sua sponte dismissing Sze's complaint, as it is unclear from the face of his complaint as to whether his action is barred by the applicable limitations periods. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) ("As a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint.").

---

in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint fails to state a claim upon which relief may be granted, the court should dismiss the complaint. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, because a party can "amend its pleading once as a matter of course" prior to the filing of a responsive pleading, Fed. R. Civ. P. 15(a)(1), "a district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a)," Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quotation and alteration omitted). "Nothing in the language of the [Prisoner Litigation Reform Act] repeals Rule 15(a)." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (alteration in original).

5

For the foregoing reasons, we will vacate the District Court's dismissal order and remand the matter for further proceedings. Sze's motion for a protective order is denied.[5]

---

[5] In his motion, Sze complains about occurrences at the Franklin Correctional Facility. If Sze wishes to raise claims about these occurrences, he should file a complaint in the appropriate district court.