J-S12039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DR. KENNETH LEE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NORRIS PLUMBING AND HEATING, | : | |
| INC. | : | No. 1419 MDA 2016 |

Appeal from the Order August 19, 2016
in the Court of Common Pleas of Centre County,
Civil Division, No(s): 2014-4888

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 13, 2017**

Dr. Kenneth Lee ("Dr. Lee") appeals from the Order entering summary judgment against him and in favor of Norris Plumbing and Heating, Inc. ("Norris"), in his cause of action against Norris for the negligent installation of a sump pump. We affirm.

The trial court summarized the relevant history underlying this appeal as follows:

> [Dr. Lee] originally filed … a [C]omplaint in the District Magistrate Court on October 6, 2014. In that [C]omplaint, [Dr. Lee] alleged that [he] had retained [Norris] to install a new sump pump at his [rental] property, and that the work was complete on June 13, 2011. [Dr. Lee] alleged that in December of 2011, ground water entered the basement of the property because [Norris had] replaced the wrong sump pump. According to the [C]omplaint, [Dr. Lee] retained a professional, Todd Giddings & Associates, Inc. ("G&A"), to evaluate the cause of the flooding, and Giddings determined that the sump pump that should have been replaced had a motor failure. [Dr. Lee] demanded damages in the amount of $11,923.30, plus costs. The Magisterial District Judge found in favor of [Norris], and [Dr.

Lee] filed a timely appeal [*de novo*] to [the common pleas] [c]ourt.

[Dr. Lee] filed his Complaint [in the common pleas court] on January 20, 2015. In the Complaint, [Dr. Lee] again set forth the allegations outlined above, although in somewhat greater detail. [Dr. Lee] aver[red] that he was contacted by a tenant at the property in June of 2011 regarding water in the basement at the bottom of the staircase near the bathroom. [Dr. Lee] allege[d] that there had been ongoing concerns with respect to water entering the basement before that time, and that three sump pumps had been installed on the property. An Invoice for the work done by [Norris] in June 2011 reflects repair work in the basement bathroom, and replacement of a sump pump located in the electrical panel room.

[Dr. Lee] allege[d] that [Norris had] failed to properly inspect all of the sump pumps in June of 2011, that he replaced a properly functioning internal sump pump, and that he failed to replace an external sump pump in need of repair. According to [Dr. Lee], these alleged failures caused the flooding in the basement of the property and the resulting damages demanded by [Dr. Lee].

[Dr. Lee] attached a report from [Todd Giddings of G&A ("the Giddings Report")], dated December 31, 2011, to his Complaint. The Giddings [R]eport outlines [Todd] Giddings's opinions on the basement water issue, including his opinions that the two internal ("inside the house") sump pumps were operating properly, and that the failure of the external sump pump was the principal contributing cause of the water entry.

The only cause of action set forth in [Dr. Lee's] Complaint sounds in negligence[,] based on [Norris's] alleged failure to properly investigate the water issue and identify the sump pump in need of repair, thus leading to the flooding in December of 2011.

[Norris] filed an Answer with New Matter on February 25, 2015. [Norris] subsequently sought leave to amend its Answer with New Matter to add the defense of the statute of limitations. The [c]ourt granted leave to amend by [an Order] dated February 3, 2016. [Norris filed an Amended Answer with New

Matter on February 10, 2016, and subsequently filed a [M]otion for summary judgment based on the statute of limitations….

Trial Court Opinion, 8/19/16, at 1-3 (citations omitted).

On August 19, 2016, the trial court entered summary judgment against Dr. Lee, and in favor of Norris. Thereafter, Dr. Lee filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Dr. Lee presents the following claims for our review:

A. WHETHER THE TRIAL COURT ERRED IN NOT APPLYING THE DISCOVERY RULE TO TOLL THE STATUTE OF LIMITATIONS PERIOD[?]

B. WHETHER THE COMPETENT EVIDENCE OF RECORD WAS NOT SUFFICIENT TO SUPPORT THE TRIAL COURT'S DECISION[?]

C. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN NOT THOROUGHLY ANALYZING THE TESTIMONY AND EVIDENCE PRESENTED TO THE COURT[?]

Brief for Appellant at 2.

"Our scope of review of an order granting summary judgment is plenary." *DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 585 (Pa. Super. 2013).

[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. ... Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the [fact-finder]. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*Id.* at 586 (citations and quotation marks omitted).

Although Dr. Lee raises three claims in his Statement of Questions, he combines these issues in the Argument section of his appellate brief. Consequently, we will address the issues together.

Dr. Lee claims that the trial court improperly failed to apply the discovery rule to toll the two-year statute of limitations, where "material facts exist as to when [he] knew or should have known [that] he had a claim for negligence[.]" Brief for Appellant at 7. Dr. Lee argues that he "undertook reasonable due diligence to determine if there was a cause of action." *Id.* However, according to Dr. Lee, Norris concealed facts from him and, as a result, he became aware of Norris's negligence only after receiving a letter from his insurance carrier, "which called into question the sump pump which had failed." *Id.* The date of this letter was November 13, 2012. *Id.* at 10.

In arguing for application of the discovery rule, Dr. Lee explains that he authorized his tenants to hire Norris to remediate a water issue "at the

base of the basement stairs in June 2011."[1] *Id.* at 8. Dr. Lee explains that he was not informed as to which sump pump was replaced, and reasonably believed that it was the exterior sump pump near the area of water infiltration. *Id.* Dr. Lee states that in December 2011, after substantial rains, ground water again entered the basement. *Id.* According to Dr. Lee, he undertook a reasonable investigation of the flooding by hiring Giddings. *Id.* at 9. Dr. Lee states that, although Norris was given a copy of the Giddings's Report, Norris did not inform Dr. Lee that the failed exterior pump was *not* the sump pump replaced by Norris. *Id.*

Dr. Lee states that he pursued a defective product claim until he received a letter from his insurance carrier on November 13, 2012. *Id.* at 10. In that letter, the insurance company observed that "there are several sump pumps" located on the property, and inquired as to which sump pump had previously failed. *Id.* Dr. Lee indicated that this letter "made [Dr. Lee] question what had been done or not done by [Norris] as the possible cause [of] a defective sump pump." *Id.* Under these circumstances, Dr. Lee argues, there exists a material issue of fact as to whether or not he knew, or reasonably should have known, of the existence of Norris's negligence prior to the November 13, 2012 letter. *Id.* Dr. Lee further posits that a material fact exists as to whether Norris concealed key facts. *Id.* at 11.

Our legislature has required that

---

[1] The tenants' outlay to Norris was deducted from their rent payments to Dr. Lee. *Id.*

[t]he following actions and proceedings must be commenced within two years:

\*    \*    \*

(7)   Any other action or proceeding to recover damages for injury to … property which is founded on negligent, intentional or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524(7).   Pennsylvania favors strict application of the statutes of limitation.   **Wachovia Bank, N.A. v. Ferretti**, 935 A.2d 565, 572 (Pa. Super. 2007).

As our Supreme Court has explained,

the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations ….   Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute.

**Pocono Int'l Raceway v. Pocono Produce, Inc.**, 468 A.2d 468, 471 (Pa. 1983) (citations omitted).

 "[T]here are two well-recognized legal constructs that toll the running of the statute of limitations: the discovery rule and the doctrine of fraudulent concealment."   **Coleman v. Wyeth Pharms., Inc.**, 6 A.3d 502, 510 (Pa. Super. 2010).

[W]here the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations.   To successfully invoke the discovery rule, a party

must show the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause. A party fails to exercise reasonable diligence when it fails to make an inquiry when the information regarding the injury becomes available. Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute.

*Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 279 (Pa. Super. 2016) (internal citations and quotation marks omitted).

Due diligence is ascertained by an objective standard, and to demonstrate reasonable diligence, a plaintiff is required to establish that he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others. The party seeking application of the discovery doctrine bears the burden of proof.

*Hanaway v. Parkesburg Grp., LP*, 132 A.3d 461, 466-67 (Pa. Super. 2015) (internal citations and quotation marks omitted).

The doctrine of fraudulent concealment

is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts. The doctrine does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception. The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence. While it is for the court to determine whether an estoppel results from established facts, it is for the jury to say whether the remarks that are alleged to constitute the fraud or concealment were made.

*Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005).

"The common thread in our jurisprudence … is the recognition that at some point, a plaintiff should become sufficiently aware of his injury and

- 7 -

that it was caused by another to trigger or awaken inquiry." *Hayward v. Med. Ctr. of Beaver County*, 608 A.2d 1040, 1043 (Pa. 1992) (internal quotation marks omitted). Notwithstanding, "[k]nowledge of an injury alone is not sufficient to trigger such inquiry. One must have some reason to suspect that the injury was caused by a third party to impose a duty to investigate further." *Coleman*, 6 A.3d at 510.

In its Opinion, the trial court addressed Dr. Lee's claims, and concluded that they lack merit. Trial Court Opinion, 8/19/16, at 3-6. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to Dr. Lee's claims. *See id.* We additionally state the following.

As previously stated, Dr. Lee commenced this action on October 6, 2014. In his Complaint, filed *de novo* in the common pleas court, Dr. Lee averred the following facts:

> 7. [Dr. Lee] was aware of ongoing concerns regarding water in the basement. A total of three (3) sump pumps had been installed on the property.
>
> 8. In June 2011, [Dr. Lee] authorized [his tenants] to contact [Norris] regarding the water issue.
>
> 9. [Norris] came to evaluate the situation on June 13, 2011. An invoice for the work performed indicates some repair work was done to the bathroom located downstairs in the basement **and a sump pump was replaced that was located in the electrical panel room.**
>
> 10. **There was no indication by either the [tenants] or [Dr. Lee] that water had ever entered the electrical panel room.**

11. In December 2011, the basement [of the property] flooded after periods of heavy rain.

12. As a result, [Dr. Lee] incurred significant expenses in repairing the damage to the basement….

13. [Dr. Lee] avers, and therefore believes, that [Norris] failed to appropriately inspect all sump pumps on the property[,] and replaced a sump pump which was functioning appropriately. As a result, the sump pump which was failing was not replaced.

Complaint, 1/20/15, at ¶¶ 7-13 (emphasis added).

Based upon the factual averments in his Complaint, Dr. Lee was aware of the accumulation of water in the basement, requiring the installation of three sump pumps. *See id.* at ¶ 7. Dr. Lee had knowledge, through Norris's invoice, that Norris had replaced a sump pump in the electrical panel room. *See id.* at ¶ 9. Dr. Lee further acknowledged that no water previously had entered the electrical panel room. *See id.* at ¶ 10. Finally, Dr. Lee had knowledge that, after Norris had repaired the sump pump in the electrical panel room, water again entered the basement in December 2011. *Id.* at ¶ 11. With the exercise of due diligence, Dr. Lee should have been aware, in December 2011, of Norris's alleged failure to repair the appropriate sump.

In addition, Dr. Lee's Complaint does not aver that, prior to December 2011, Norris fraudulently concealed its work on the sump pump in the electrical panel room. Because Dr. Lee failed to file his cause of action

within the applicable statute of limitations, we conclude that the trial court appropriately entered summary judgment against him.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017



IN THE COURT OF COMMON PLEAS, CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

DR. KENNETH LEE,                              :        2014-4888
                                             :
        Plaintiff                            :
                                             :
    v.                                       :
                                             :
NORRIS PLUMBING & HEATING, INC.,             :
                                             :
        Defendant                            :

Attorney for Plaintiff:                  Amy Marshall, Esq.
Attorney for Defendant:                  Richard Polachek, Esq.

Oliver, J.

## OPINION AND ORDER

Presently before the Court is Defendant Norris Plumbing & Heating, Inc.'s Motion for Summary Judgment. The Motion has been briefed and argued before the Court and is ripe for disposition. For the reasons discussed below, Defendant's Motion is granted.

### Background

Plaintiff Kenneth Lee originally filed this action at the magisterial level by filing a complaint in the District Magistrate Court on October 6, 2014. In that complaint, Plaintiff alleged that Plaintiff had retained Defendant to install a new sump pump at his property, and that the work was complete on June 13, 2011. (See Def. Mot. S.J., Exh. A). Plaintiff alleged that in December of 2011, ground water entered the basement of the property because Defendant replaced the wrong sump pump. (Id.). According to the complaint, Plaintiff retained a professional, Todd Giddings & Associates, Inc., ("Giddings"), to evaluate the cause of the flooding, and Giddings determined that the sump pump that should have been replaced had a motor failure. Plaintiff demanded damages in the amount of $11,923.30, plus costs. (Id.). The Magisterial District Judge found in favor of Defendant, and Plaintiff filed a timely appeal to this Court.

O ORD S

Plaintiff filed his Complaint in this Court (hereinafter "Complaint") on January 20, 2015. In the Complaint, Plaintiff again set forth the allegations outlined above, although in somewhat greater detail. Plaintiff avers that he was contacted by a tenant at the property in June of 2011 regarding water in the basement at the bottom of the staircase near the bathroom. (Compl. ¶¶ 5-6). Plaintiff alleges that there had been ongoing concerns with respect to water entering the basement before that time, and that three sump pumps had been installed on the property. An invoice for the work done by Defendant in June 2011 reflects repair work in the basement bathroom, and replacement of a sump pump located in the electrical panel room. (Id. ¶ 9).

Plaintiff alleges that Defendant failed to properly inspect all of the sump pumps in June of 2011, that he replaced a properly functioning internal sump pump, and that he failed to replace an external sump pump in need of repair. According to Plaintiff, these alleged failures caused the flooding in the basement of the property and the resulting damages demanded by Plaintiff. (Id. ¶¶ 11-15).

Plaintiff attached a report from Giddings, dated December 31, 2011, to his Complaint. The Giddings report outlines Mr. Todd Giddings' opinions on the basement water issue, including his opinions that the two internal ("inside-the-house") sump pumps were operating properly, and that the failure of the external sump pump was the principal contributing cause of the water entry. (See Pl's. Compl. ¶ 16 and Exh. F).

The only cause of action set forth in Plaintiff's Complaint sounds in negligence based on Defendant's alleged failure to properly investigate the water issue and identify the sump pump in need of repair, thus leading to the flooding in December of 2011.

Defendant filed an Answer with New Matter on February 25, 2015. Defendant subsequently sought leave to amend its Answer with New Matter to add the defense of the statute of limitations. The Court granted leave to amend by Order dated February 3, 2016. Defendant filed an Amended Answer with New Matter on February 10, 2016, and subsequently filed a motion for summary judgment based

2

on the statute of limitations. The summary judgment motion has been briefed by both parties and argued to the Court.[1]

## Summary Judgment Standard

Summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035. 1, *et seq.* Pursuant to Rule 1035.2, after the relevant pleadings are closed, any party may move for summary judgment in either of the following circumstances:

> (1) Whenever there is no genuine issue of any material fact as to a necessary element of a cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) If, after completion of discovery relevant to the motion, . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2(1)-(2). The initial summary judgment burden is on the moving party, who must establish the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. *Lineberger v. Wyeth*, 894 A.2d 141, 146 (Pa. Super. 2006). When the non-moving party will bear the ultimate burden of proof at trial, the moving party can meet the summary judgment burden by establishing the absence of *prima facie* evidence to support the non-moving party's claim. *Id.* Once that burden is met, to avoid summary judgment, the non-moving party must come forward with admissible trial evidence such as would warrant a jury determination in his or her favor. *Id.* The non-moving party may not simply point to allegations in the pleadings to avoid summary judgment. Pa. R.C.P. 1035.3.

## Discussion

Defendant contends that it is entitled to summary judgment because Plaintiff's only claim in this action is barred by the two year statute of limitations applicable to negligence claims, citing to 42 Pa.C.S.A. § 5524(7). Defendant correctly notes that the alleged negligence at issue occurred in June of

---

[1] This case was also heard on the merits before a compulsory arbitration panel on December 4, 2015, and an award was entered in favor of Plaintiff. Defendant filed a timely appeal from that award.

3

2011, and that Plaintiff did not file an action until filing his magisterial district court complaint in October of 2014, more than three years later. Plaintiff concedes that this action is governed by a two year statute of limitations in the first instance, but argues for application of the discovery rule to toll the limitations period. (*See* Pl.'s Brief in Opp. to Def.'s Mot. S.J., at pp. 3-4 ).

As a general rule, the law requires a party asserting a claim to exercise all reasonable diligence to ascertain the facts and circumstances on which a cause of action is based and to bring his or her suit within the applicable statute of limitations. *Pocono Intern'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). In a suit for damages, the cause of action accrues for purposes of the statute of limitations when the injury is inflicted. *Ayers v. Morgan*, 154 A.2d 788, 791 (Pa. 1959). Lack of knowledge, mistake, or misunderstanding do not serve to toll the running of the statute of limitations. *Pocono Intern'l Raceway*, 468 A.2d at 471. As stated by the Pennsylvania Supreme Court:

> [E]ven though a person may not discover his injury until it is too late to take advantage of the appropriate remedy, this is incident to a law arbitrarily making legal remedies contingent on mere lapse of time. Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute.

*Id.* at 471.

The discovery rule provides a limited exception to the principles discussed above. The discovery rule serves to toll the statute of limitations when, despite the exercise of due diligence, a party is unable to know of the injury or its cause. *Pocono Intern'l Raceway*, 468 A.2d at 471. The exception only applies, however, when there is a genuine inability to learn of the predicate facts despite the exercise of due diligence. In assessing whether the discovery rule applies in any given case, courts are required to first determine whether the injured party had the ability to know of the cause of action in the exercise of due diligence. *Id.* When application of the discovery rule is dependent on resolution of disputed material factual issues, whether the rule applies is an issue that cannot be resolved through summary judgment. *See e.g. Crouse v. Cyclops Industries*, 745 A.2d 606, 611-13 (Pa. 2000). In cases where the

4

record demonstrates the absence of any genuine dispute as to the requisite knowledge, however, the discovery rule may be rejected in the context of a summary judgment motion. *See Pocono Intern'l Raceway*, 468 A.2d, at 471-72. The burden rests with the party invoking the discovery rule to prove its application. *Wilson v. El-Dalef*, 964 A.2d 354, 362 (Pa. 2009).

In the case at bar, the Court concludes that the record evidence demonstrates that there are no genuine issues of material fact regarding application of the discovery rule, and that Plaintiff's negligence claim is time barred as a matter of law. Plaintiff acknowledges that the work at issue was completed in June of 2011, more than three years before Plaintiff filed suit. Attempting to avoid dismissal, Plaintiff argues that a misunderstanding regarding which of the three sump pumps was replaced at the property caused Plaintiff to believe the water infiltration was caused by a manufacturing defect in a newly replaced pump, rather than by Defendant's alleged failure to properly identify the correct pump for replacement in June of 2011. (*See* Pl's. Br. Opp. S.J., at 4). However, the fact that Plaintiff may have been mistaken about which pump had been replaced, even assuming that to be true, would not warrant application of the discovery rule to toll the statute of limitations in this case, and does not create a factual dispute precluding summary judgment. Even under Plaintiff's scenario, Plaintiff must concede that any alleged negligent acts by Defendant occurred in June of 2011 when the work was performed, and that Plaintiff knew of the claimed damage by December of 2011. Furthermore, Plaintiff knew of the alleged cause of the damage -- the failure of the *external* sump pump -- in or around December 31, 2011, when the report setting forth Mr. Giddings' opinions was prepared. That report specifically identifies a problem with the *outside* pump, and by Plaintiff's own allegations, the repair invoice submitted for Defendant's work in June of 2011 reflected replacement of an *interior pump*. (*See* Compl., ¶ 16 and Exh. F). Regardless of whether Plaintiff was mistaken or confused, the Court determines that

5

Plaintiff had sufficient information to know of his cause of action and to file suit within the two year limitations period, and that, as a matter of law, the discovery rule is not applicable.[2]

Consistent with the discussion above, the Court enters the following Order:

## Order

AND NOW, this 19th day of August, 2016, for the reasons discussed in the accompanying Opinion, Defendant's Motion for Summary Judgment is GRANTED.

BY THE COURT:

_____

Katherine V. Oliver, Judge

---

[2] At the time of oral argument, an issue was raised regarding a letter dated July 10, 2012 that was allegedly sent to Plaintiff's counsel, in which Defendant directs counsel's attention to the information contained in the June 2011 invoice noting repair of an interior pump and the information in the Giddings report identifying a problem with the exterior pump. In a supplemental filing, Plaintiff's counsel indicates that this letter is not included in counsel's file, such that Plaintiff cannot stipulate to counsel's receipt of the letter in July of 2012. (*See* Position Statement of Parties Regarding Mot. S.J., 5-23-16 ). The Court concludes that any factual dispute as may exist regarding counsel's receipt of the letter does not present a genuine issue of material fact that would preclude summary judgment. Plaintiff could have formed this same conclusion by reference to the June 2011 invoice and the December 2011 Giddings report, both of which were in Plaintiff's possession.

6